IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL NO. 1:20-CR-0065-H-BU |
| | § | |
| IRVIN LEE MCCULLOUGH, JR (1) | § | |

**REPORT AND RECOMMENDATION ON PLEA
BEFORE THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred by the United States district judge to the undersigned for the taking of a guilty plea. The parties have consented to appear before a United States magistrate judge for these purposes. This Report and Recommendation on Plea is submitted to the court under 28 U.S.C. § 636(b)(3).

    **A.**    **Recommendation regarding Guilty Plea**

The defendant appeared with counsel before the undersigned United States magistrate judge who addressed the defendant personally in open court and informed the defendant of, and determined that the defendant understood, the admonitions contained in Rule 11 of the Federal Rules of Criminal Procedure.

The defendant pled guilty (under a plea bargain agreement with the government) to Count One of the Two-count Indictment charging defendant with a violation 21 U.S.C. § 846 Conspiracy to Distribute and Possess with Intent to Distribute Five Grams or More of Methamphetamine (Actual).   The undersigned magistrate judge finds the following:

    1.    The defendant, upon advice of counsel, has consented orally and in writing to enter this guilty plea before a magistrate judge subject to final approval and sentencing by the presiding district judge;

    2.    The defendant fully understands the nature of the charges (including each essential element of the offense(s) charged and penalties;

3. The defendant fully understands the terms of the plea agreement and plea agreement supplement;

4. The defendant understands all constitutional and statutory rights and wishes to waive these rights, including the right to a trial by jury and the right to appear before a United States district judge;

5. The defendant's plea is made freely and voluntarily;

6. The defendant is competent to enter this plea of guilty;

7. There is a factual basis for this plea; and

8. The ends of justice are served by acceptance of the defendant's plea of guilty.

Based on the above, I recommend that the defendant's plea of guilty be accepted, that the defendant be adjudged guilty, and that sentence be imposed accordingly.

**B. Recommendation regarding 18 U.S.C. § 3142(f)(1)(C) - Release or detention of a defendant pending sentence.**

The undersigned received an oral report from the U.S. Probation Officer assigned to this case. The report indicated that while Defendant was generally meeting his conditions of pretrial release, the Probation Officer believed that Defendant needed to be admonished again regarding compliance with those conditions. The undersigned reminded Defendant of the consequences of failing to comply with the Court's Order Setting Conditions of Release and Defendant expressed his understanding of what was required. The undersigned further ordered Defendant to maintain his previously scheduled appointment with his Probation Officer on December 30, 2020, at 1:30 p.m. Otherwise, the officer received no information to believe the Defendant poses a risk of non-appearance or a danger to another person or to the community.

The Report does note, however, that Defendant may be subject to detention pending sentencing pursuant to 18 U.S.C. § 3143(a)(2), as the offense to which Defendant pleaded guilty, 21 U.S.C. § 846 Conspiracy to Distribute and Possess with Intent to Distribute Five Grams or

More of Methamphetamine (Actual), is an offense described in 18 U.S.C. § 3142(f)(1)(C).

Although 18 U.S.C. § 3143(a)(1) authorizes a defendant to remain free on conditions of release subject to a previous order under 18 U.S.C. § 3142(f), such action is expressly subject to a determination that the mandatory detention provisions of 18 U.S.C. § 3143(a)(2) are not controlling.

Under 18 U.S.C. § 3143(a)(2), a "judicial officer *shall* order that a person who has been found guilty of an offense in a case described in subparagraph (A)...of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained *unless:*
 (1)(a) the court finds there is a substantial likelihood that a motion for acquittal or new trial will be granted, or (b) the Government has recommended that no sentence of imprisonment be imposed, or (c) exceptional circumstances are clearly shown under § 3145(c) why the defendant should not be detained, *and* (2) the court finds by clear and convincing evidence that defendant is not likely to flee or pose a danger to any other person or the community if released. *See United States v. Carr*, 947 F.2d 1239 (5th Cir. 1991). As a result, if the court accepts this Report and Recommendation on Plea, and adjudges defendant guilty, it is the further recommendation of the undersigned that defendant be detained pending imposition or execution of sentence, pursuant to 18 U.S.C. § 3143(a)(2), unless defendant establishes one of the foregoing exceptions.

Although I have conducted these proceedings and accepted the defendant's plea of guilty, the United States district judge has the power to review my actions and possesses final decision-making authority in this proceeding. Thus, if the defendant has any objections to these findings

or any other action of the undersigned, he is required to make those known to the United States district judge within fourteen (14) days of today.

    Signed on December 23, 2020

_____
JOHN R. PARKER
UNITED STATES MAGISTRATE JUDGE